## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 10-22637 |
| ERIE PLAYCE LLC, an Illinois limited liability ) | |
| company, ) | Chapter 11 |
| ) | |
| Debtor. ) | Honorable Judge Pamela S. Hollis |

### FINAL ORDER AUTHORIZING USE OF CASH COLLATERAL

THIS MATTER COMING TO BE HEARD on hearing on the Motion for Entry of an Order Authorizing Use of Cash Collateral (the "Motion") filed by Erie Playce LLC, as Debtor and Debtor-in-possession ("Debtor") on May 20, 2010; notice of the final hearing having been served on the twenty largest unsecured creditors, the secured creditors and the United States Trustee on June 3, 2010 together with a copy of the Interim Agreed Cash Collateral Order; no objections having been made to the relief requested in the Motion by June 17, 2010, the date for objections set forth in the Interim Agreed Cash Collateral Order; Amcore having filed an objection to entry of a final order authorizing use of cash collateral on June 21, 2010; the Court having overruled the objection; the Court having held a final hearing on June 22, 2010 ("Final Hearing") as provided under Section 363 of title 11 of the United States Code, 11 U.S.C. §101 et seq. (the "Code") and Rule 4001(b) and (d) of the Federal Rules of Bankruptcy Procedure (the "Rules"); and the Court, being duly advised in the premises, Debtor represents as follows:

1.     <u>Filing</u>. On May 18, 2010 ("Filing Date"), Debtor filed a voluntary petition for relief under Chapter 11 of the Code. Debtor owns and operates a building commonly known as 520 West Erie Street, Chicago, Illinois (the "Property"). The Property is a four-story commercial building.

2. <u>Amcore Pre-Petition Indebtedness and Security</u>. Debtor and Amcore Bank, N.A. ("Amcore") are parties to a promissory note in the original amount of $5,100,000 dated June 14, 2002, as modified to $5,965,000 and $6,637,500. The note indebtedness was secured by a Mortgage which included an assignment of rents (the "Amcore Mortgage") dated June 14, 2002 and each recorded June 18, 2002. Amcore asserts a claim against Debtor of approximately $7.6 million. Debtor has been advised that Harris NA ("Harris") recently obtained through assignment the position of Amcore and any reference in this Order to "Amcore" shall mean Harris N.A. as assignee of Amcore.

3. <u>First Midwest</u>. Debtor and First Midwest Bank ("First Midwest") are a party to Mortgage and Assignment of Rents each dated July 17, 2004 and recorded against the Property on November 9, 2004 (collectively "First Midwest Mortgage"). The First Midwest Mortgage secures the debt not of Debtor but of an entity the members of which are also members of Debtor.

4. <u>Pre-Petition Receiver</u>. In July 2008, Amcore brought an action to foreclose the Amcore Mortgage in the Circuit Court of Cook County ("State Case"). The State Case is encaptioned <u>Amcore Bank N.A. v. Eric Playce LLC and First Midwest Bank et.al.</u> and is numbered 08 CH 29638. As of the Filing Date, an action to foreclose a mortgage held by Amcore Bank, N.A. ("Amcore") was pending in the Circuit Court of Cook County ("State Case"). On July 31, 2009, in the State Case, the Court entered an order appointing John Suzuki ("Receiver") to act as Receiver in the State Case with certain powers and duties set forth in the *Agreed Order Appointing Receiver*. The Receiver was in place as of the Filing Date.

5. <u>Agreed Order Regarding Pre-Petition Receiver</u>. On May 28, 2010, the Court entered an *Agreed Order Regarding Pre-Petition Receiver* which provides that the Receiver shall retain possession of Pre-Petition Rent and Post-Petition Rent and shall pay expenses, payment of which is authorized by the Court.

6. <u>Cause</u>. Debtor has filed its chapter 11 petition in order to restructure its business and debt to preserve the value of the Property for the benefit of all of its creditors and to adjudicate the claims of all creditors. Given the current cash flow from the property, prior to debt service, Debtor believes that it can propose and confirm a plan promptly that will retain the Property for the benefit of all of its creditors, parties in interest and holders of equity in Debtor.

In order to preserve and maintain the Property, the Monthly Expenses of utilities, maintenance, insurance and management are necessary and need to be paid.

NOW, THEREFORE, the Court hereby makes the following findings and Order:

A. <u>Notice</u>. Notice of the Final Hearing together with the Interim Order Authorizing Use of Cash Collateral on May 27, 2010 has been served on June 7, 2010 (i) counsel for Amcore and First Midwest, (ii) the United States Trustee, and (iii) twenty largest unsecured creditors in this case. Such notice is sufficient and complies with the requirements of Section 363 of the Code and Rules and any other applicable law.

B. <u>Cash Collateral</u>. For purposes of this Order and subject to the reservation of rights contained herein, the term "Cash Collateral" shall mean the leases, rents, additional rents, revenues, issues and profits generated from the Property (collectively, "Rents").

C. <u>Use of Cash Collateral</u>.

1. Debtor is authorized under the terms of this Final Order to use Cash Collateral received from and after the Filing Date in accordance with the total monthly expense itemization set forth in <u>Exhibit A</u> hereto (the "Monthly Expenses"), which sets forth the projected expenses for the one month period from the Filing Date and with respect to those Monthly Expenses (excluding the Tax Escrow, on-site management fee, U.S. Trustee fees and receiver fee) Debtor is authorized to use up to one hundred and twenty percent (120%) of the Monthly Expenses.

2. With respect to the monthly budget item of $20,000 for real estate taxes, those payments shall be deposited into a separate escrow account held at Harris NA in the name of Debtor ("Tax Escrow") and not paid out until the second installment of real estate taxes for the Property are due.

D. <u>Replacement Lien</u>. As adequate protection for use of the Rents generated from and after the Filing Date, to the extent and in the priority that Amcore and First Midwest had a valid security interest in the Property prior to the Filing Date, Amcore and First Midwest each are hereby granted, retroactive to the Filing Date and without the necessity of any additional documentation or filings, valid, enforceable, non-avoidable, and fully perfected liens as additional security for their claims against Debtor and/or the Property that are allowed by final order of this Court, replacement security interests in and lien upon Rents generated from and after the Filing Date ("Post-Petition Rents") and property that the Debtor acquires after the Filing Date generated by the Debtor's post petition operations of the Property to the extent that prior to the Filing Date Amcore and/or First Midwest had perfected prepetition secured liens on such type of property, such replacement security interests and liens being the ("Replacement Lien"). The Replacement Liens shall be enforceable in an amount equal to the aggregate post-petition diminution (if any) in the value of the interest of Amcore and First Midwest in Pre-Petition Rents and Property as of the Filing Date (whether as a result of physical deterioration, consumption, use, shrinkage, decline in market value or otherwise). The grant of the adequate protection provided herein is without prejudice to the bank's right to seek (i) additional adequate protection of its interest in the Debtor's property or (ii) to terminate or modify the automatic stay, and the Debtor and all parties in right to oppose such requests.

E. <u>Reservation of Rights</u>. Nothing contained in this Order constitutes a finding or other determination with respect to the adequacy of the protection of the interest of either Amcore or First

Midwest in the collateral either had prior to the Filing Date or shall preclude either Amcore or First Midwest from seeking additional or different adequate protection (as defined in Section 361 of the Bankruptcy Code) or the right of Debtor and other parties in interest to oppose such relief requested.

Nothing in this Order constitutes a finding or other determination with respect to the existence, priority, extent or validity of the security claimed by either Amcore or First Midwest, or the amount of their respective claims against the Property and/or Debtor. Nothing in this Order prevents or prejudices the Debtor from seeking approval to use additional Cash Collateral in the future.

G. <u>Jurisdiction; Core Proceeding; Effectiveness</u>. The subject of this Order is a "core" proceeding with the meaning of 28 U.S.C. § 157. This Court has jurisdiction over this proceeding of the parties and property affected hereby pursuant to 28 U.S.C. §§ 157 and 1334. This Order is a binding order of the Court, and shall be binding upon and inure to the benefit of Amcore, First Midwest and Debtor and its successors and assigns (including any successor trustee or estate representative in the Case or any subsequent case or proceeding under the Bankruptcy Code).

Dated: JUN 22 2010, 2010          IT IS SO ORDERED.

                                                             United States Bankruptcy Judge

CHDS01 606044v1

-5-

Case 10-22637   Doc 54   Filed 06/22/10   Entered 06/23/10 11:39:17   Desc Main
          Document      Page 6 of 6

## EXHIBIT A

## Monthly Budget

| Expense | Amount |
| --- | --- |
| Insurance | $600 |
| Janitorial/Engineer | $1,500 |
| On-Site Manager | $2,100 |
| Receiver Fee | $2,500 |
| Repairs & Maintenance: General | $400 |
| Repairs & Maintenance: Elevator Contract | $600 |
| Electricity: ComEd Acct 4133270018 | $1,000 |
| Electricity: ComEd Acct 4133272021 | $200 |
| Electricity: ComEd Acct 4133274070 | $400 |
| People's Gas Acct 2500052743813 | $200 |
| People's Gas Acct 2500023519938 | $200 |
| People's Gas Acct 0500037519746 | $400 |
| Telephone | $400 |
| Water/Sewer | $200 |
| Waste Management | $700 |
| Parking Expense | $2,700 |
| U.S. Trustee Fee | $325[1] |
| Miscellaneous Expenses | $200 |
| Real Estate Tax Escrow | $20,000 |
| **TOTAL** | **$34,625** |

---

[1] The quarterly fee payable to the U.S. Trustee will be $650 per calendar quarter after the calendar quarter ending on June 30, 2010.